Filed 7/8/13  Marriage of Betancourt CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.  !( – )!**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of MARIA PATRICIA and JOAQUIN BETANCOURT. | D062082 |
| MARIA PATRICIA BETANCOURT, | |
| Respondent, | (Super. Ct. No. DN154877) |
| v. | |
| JOAQUIN BETANCOURT, | |
| Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, H. Ronald Domnitz, Judge.  Affirmed in part; reversed in part and remanded with directions.

Moreno & Associates and Iman Ghasri for Appellant.

Strickland & Amezola and Barbara K. Strickland for Respondent.

Joaquin Betancourt appeals from a marriage dissolution judgment.  He contends the court erred in failing to rule on his request for reimbursement of funds allegedly used

to improve his wife's separate property asset (real property in Mexico). We reverse and remand to permit the court to rule on this issue.

FACTUAL AND PROCEDURAL SUMMARY

Maria and Joaquin Betancourt married in 1976. Thirty-three years later, Maria petitioned for dissolution. The parties thereafter disagreed about property division and spousal support issues. The parties' assets consisted primarily of their family home, cars, and bank accounts. Maria also held title to a parcel of real property located in Mexico that she had received from her family more than 20 years earlier.

Maria was represented by counsel. In Maria's trial brief, she stated it was undisputed the Mexican property was held in her name alone and was her separate property. According to Maria, during the marriage a structure was built on the property that includes commercial units and two residential apartments. Maria said the tenants pay rent to her or her agents.[1] Maria stated that she and Joaquin dispute: (1) whether there was an agreement to put Joaquin's name on the deed to the Mexican property; and (2) the source and amount of the funds used to build the improvements on the property. On the latter issue, Maria said Joaquin claimed he invested approximately $80,000 of his separate and/or community funds into the Mexican property and thus was entitled to a

---

[1] Maria noted that she had sued one of the tenants for unpaid rent; this tenant had countersued claiming an interest in the property; and a settlement was pending. However, Maria never claimed or suggested the litigation had the potential to affect her sole ownership of the property.

2

reimbursement. Maria urged the court to reject this claim because Joaquin did not have clear and convincing proof of the total amount or source of these funds.

Joaquin was not represented by counsel and did not submit a trial brief.

At the hearing, a Spanish-speaking interpreter translated for Joaquin. At the outset of the hearing, the court asked the parties about title issues regarding the Mexican property. In response to the court's questions, the parties provided conflicting and confusing responses suggesting that title to the property was in dispute. A Mexican court judgment proffered by Maria contributed to this confusion. During the discussion, Joaquin repeatedly raised the issue of reimbursement for the claimed $80,000 in expenses for improving the property, but in response to the court's questions, Joaquin was unable to identify documents showing the source or amount of the total claimed payments. Joaquin referred to various exhibits, but also said that Maria had taken the relevant documents when she notified him she was filing for dissolution.

After considering the parties' often confusing and incomplete responses, the court decided that the appropriate disposition was to defer ruling *on the title issues* until these issues could be resolved in the Mexican courts under Mexican law. Thus, the court never reached the reimbursement issue. Maria's counsel expressed agreement with the court's approach, but Joaquin objected and asked the court to rule on his reimbursement request.

After considering additional evidence on the other issues, the court made additional findings, including: (1) Maria was not entitled to spousal support because she failed to disclose income from the Mexican property; (2) the family home in Oceanside

3

would be sold and the proceeds divided between the parties; and (3) several vehicles would be owned by Joaquin and one vehicle would be owned by Maria, with Joaquin to pay an equalizing payment.

The final judgment incorporated these rulings and also stated: "The Court declined to exercise jurisdiction over the property in Mexico. Husband may pursue his rights in Mexico with respect to the property. The Court retains jurisdiction to execute any Mexican judgment if it needs to be enforced in this country."

## DISCUSSION

Joaquin concedes that the Mexican property is Maria's separate property but contends the court erred in refusing to rule on his claim for reimbursement for expenditures used to improve that property.

In response, Maria agrees that the Mexican property was her separate property, and acknowledges that generally the community is entitled to a reimbursement or a pro tanto interest if community funds are used to improve one spouse's separate property. (See *In re Marriage of Allen* (2002) 96 Cal.App.4th 497, 501.) However, she argues the court's refusal to rule on the reimbursement issue was not prejudicial because Joaquin had no documentary proof that the parties used community funds (or his separate property assets) to build the improvements on the property.

After examining the entire appellate record, we disagree with Maria's claim that Joaquin failed to provide any supporting evidence, and determine the appropriate disposition is to remand this matter to allow the court to rule on the reimbursement issue.

4

Generally, "[w]here community funds are used to make capital improvements to a spouse's separate real property, the community is entitled to reimbursement or a pro tanto interest . . . ." (*In re Marriage of Allen, supra*, 96 Cal.App.4th at p. 501; accord, *In re Marriage of Sherman* (2005) 133 Cal.App.4th 795, 800.) Based on the parties' appellate briefs and the record below, it is undisputed that the Mexican property is Maria's separate property and title is in her name alone. However, it is also undisputed that capital improvements were made to the property during the marriage and Joaquin was the primary source of income during the marriage.

Maria contends that a spouse seeking reimbursement has the burden to show the source and amount of the funds and asks this court to review the evidence to determine that Joaquin did not meet this burden at the hearing. However, this factual analysis is for the trial court in the first instance, and not the appellate court. (See *Bono v. Clark* (2002) 103 Cal.App.4th 1409, 1421.) The trial court explicitly declined to reach this issue and thus did not determine whether Joaquin met his proof burden. Although the court could have found that Joaquin did not present sufficient evidence supporting his claim, it was not compelled to reach this conclusion. Even if Joaquin did not have receipts showing the precise amount or source of the funds used to improve the Mexican property, the court could credit and rely on the parties' testimony as well as its evaluation of the parties' financial situation over the course of the marriage to determine whether Joaquin established that at least some of the improvements were funded through community contributions. Although the court would have had a reasonable basis to determine that

5

Joaquin did or did not meet his burden, the court did not decide this issue. Thus, there was no factual determination for this court to review.

In remanding the matter, we are sympathetic to the plight of busy trial judges who are often required to make rulings based on incomplete and unclear assertions made by parties who are not represented by legal counsel. Unlike the trial judge, we have the benefit of written briefs submitted by counsel who have clarified issues left ambiguous in the proceedings below. With this clarity, we are satisfied that Joaquin sufficiently raised the reimbursement issue, and that the court declined to reach the issue based on the mistaken belief that the parties were disputing ownership of the property. The record reflects that the parties agreed the Mexican property was Maria's separate property and were not intending to suggest that there was a dispute over ownership of the property as between the parties. Thus, the court should have ruled on the reimbursement issue.[2]

## DISPOSITION

Judgment affirmed in all respects, except the matter is remanded solely for the court to rule on Joaquin's request for reimbursement/credit for alleged separate or

[2] A party who shows community funds were spent on improving a separate property asset may also be entitled to a credit reflecting a pro tanto increase in the value of the property. (See *In re Marriage of Allen, supra*, 96 Cal.App.4th at p. 501.) However, in this case, Joaquin sought only reimbursement/credit for the expenses, and did not seek a determination that he owns a portion of Maria's separate property asset or a determination that he is entitled to an amount reflecting the increased value of the property. Thus, any such claim is waived for purposes of the remanded proceedings. (See *In re Marriage of Wolfe* (2001) 91 Cal.App.4th 962, 973.)

community expenses spent to improve Maria's separate property located in Mexico.  The parties to bear their own costs on appeal.

HALLER, J.

WE CONCUR:


HUFFMAN, Acting P. J.


AARON, J.

7